lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEREK SUNDERMAN,      )
                   )
      Plaintiff,      )
                   )
      v.           )      Case No. 05-2347-JAR
                   )
WESTAR ENERGY, INC.,      )
                   )
      Defendant.      )
_____)

## MEMORANDUM AND ORDER DENYING
## MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Derek Sunderman filed suit against his former employer, Westar Energy, Inc.

("Westar") alleging that he was the victim of retaliation for engaging in protected activity under

Title VII of the Civil Rights Act of 1964, as amended.  On October 2, 2007, the Court granted

Westar's Motion for Summary Judgment (Doc. 89).  This matter is before the Court on

plaintiff's Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e) (Doc. 91).[1]  For

the reasons set forth in detail below, plaintiff's motion is denied.

Relief under Rule 59(e) is warranted based on an intervening change in the controlling

law, new evidence previously unavailable, and the need to correct clear error or prevent manifest

---

[1]Plaintiff states that his motion is also filed pursuant to D. Kan. R. 7.3(b).  Because plaintiff is seeking alteration or amendment of the Court's Order granting summary judgment to Westar, D. Kan. R. 7.3(a) is applicable. Because plaintiff filed his motion within ten days of the Order, the standards under Rule 59(e) apply.  Plaintiff also states in his caption that he seeks alternative relief under Rule 60, but fails to address any basis for such relief in his motion.  Accordingly, the Court limits its analysis to plaintiff's request for relief under Rule 59(e).

injustice.[2]  A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law.[3]  Such a motion does not permit a losing party to rehash

arguments previously addressed or to present new legal theories or facts that could have been

raised earlier.[4]  The law in this Circuit is clear that a Rule 59(e) motion "cannot be used to

expand a judgment to encompass new issues which could have been raised prior to issuance of

the judgment."[5]  Nor is such motion "a second chance for the losing party to make its strongest

case or to dress up arguments that previously failed."[6]

Plaintiff takes issue with the Court's rulings regarding (1) consideration of events that

occurred before the date his EEOC complaint was filed; (2) the issue of temporal proximity; and

(3) the weight of the evidence regarding pretext.  Plaintiff alleges he has met the requirements

for relief under Rule 59(e) because the Court committed clear error in its misapplication of the

law, and gives the Court the opportunity to correct errors in its Order.  On the contrary, the Court

finds that the arguments asserted by plaintiff merely rehash arguments considered and ultimately

rejected by the Court in the underlying Order granting summary judgment in favor of Westar.

As noted above, the law is clear that "rehash[ing] arguments previously addressed or

present[ing] new legal theories or facts that could have been raised earlier is not permitted by

---

[2]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[3]*Id.*

[4]*Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[5]*Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *see also* Charles Alan Wright, et al., *Federal Practice and Procedure*: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[6]*Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

2

Rule 59(e)."[7]  This alone is grounds for denial of plaintiff's motion.  Nevertheless, the Court is compelled to address plaintiff's assertion that it erroneously failed to consider events predating plaintiff's administrative charge of discrimination.  As in his response to Westar's motion for summary judgment, plaintiff's argument is unclear as to whether he contends that his prior alleged "protected activities" establish a separate cause of action for retaliation or that these acts should have been considered by the Court when analyzing his sole retaliation claim as identified in the Pretrial Order predicated upon the filing of his administrative charge.  Under either scenario, plaintiff's argument is without merit.

In its Order, this Court held that plaintiff may not rely on prior acts of alleged retaliation that predated his administrative charge and declined to consider this as evidence of causation.  As discussed at length in the Order, plaintiff generally asserts that he engaged in a protected activity in approximately March and October of 2002.  Each of these events would be the basis for a separate and distinct claim of retaliation, which plaintiff failed to identify in the Pretrial Order.  Accordingly, the Court determined that any alleged  protected activity or instances of retaliation prior to the filing of plaintiff's administrative charge were not the basis of plaintiff's claim as set forth in the Pretrial Order and would not be considered as evidence of causation.[8] Plaintiff has failed to show why the Court should reconsider this holding.

Plaintiff also argues that the Court's Order "ignored" the Supreme Court's ruling in *National Railroad Passenger Corp. v. Morgan*.[9]  In that hostile work environment case, the

---

[7]*Brown*, 101 F.3d at 1332.

[8]*See Proctor v. U.P.S.*, 502 F.3d 1200, 1209-10 (10th Cir. 2007).

[9]536 U.S. 101 (2002).

Supreme Court held that a continuing violation theory of discrimination is not permitted for claims against discrete acts of discrimination or retaliation.[10]  The Court noted, however, that plaintiffs are not barred from using time-barred acts as background evidence in support of a timely claim.[11]  Plaintiff argues that the Court's failure to consider what he characterizes as "background evidence" is contrary to the ruling in *Morgan*.  Plaintiff's reliance on the statement in *Morgan* regarding background evidence overlooks the analysis of causation in an employment retaliation case.  At the prima facie stage of a retaliation case, the plaintiff must show that a causal connection exists between the adverse employment action and the protected activity sufficient to justify an inference of retaliatory motive.  In other words, for a protected activity to *caus*e the adverse employment action, the adverse action must necessarily occur *after* the protected activity.  Here, plaintiff sought to rely on alleged retaliatory acts that occurred *prior to* his protected activity—the filing of his EEOC charge.  This "background evidence" is antithetical to the required showing that engaging in the protected activity caused or was in someway connected to the alleged retaliatory conduct.

Because nothing in plaintiff's motion persuades this Court that its previous Order constitutes clear error or that it misapprehended controlling law, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Alter or Amend Judgment (Doc. 91) is DENIED.

IT IS SO ORDERED.

Dated this  30th  day of January 2008.

---

[10]*Id*. at 114.

[11]*Id*. at 113.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge